IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE VELLO<br>PLAINTIFF, | : | COMPLAINT  07  3854<br>CIVIL ACTION No._____ |
| VS | : | |
| CITY OF PHILADELPHIA,<br>PHILADELPHIA INDUSTRIAL<br>CORRECTION CENTER,<br>JOHN DOE, COMMISSIONER,<br>JOYCE ADAMS, WARDEN,<br>JOHN DOE TEXADOR, SERGEANT,<br>JOHN DOE NIGHT, LIEUTENANT,<br>JOHN DOE ADAMS, LIEUTENANT,<br>JOHN DOE BAY, CORRECTION OFFICER<br>DEFENDANTS | : | |

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. § 1331 and 1343 (a) (3).

## II. PLAINTIFF

2. Plaintiff, Jose Vello, is a prisoner of the State of Pennsylvania, Department of Corrections whom is currently confined in the State Correctional Institution at Smithfield, P.O. Box 999, 1120 Pike Street, Huntingdon, PA 16652.

## III. DEFENDANTS

3. John Doe Commissioner, defendant herein, is the overseer of operations at P.I.C.C. and is legally responsible for the care, custody, control and welfare of inmates at P.I.C.C.

4. Joyce Adams, defendant herein, is the warden at P.I.C.C. and is legally responsible for overseeing subordinate P.I.C.C. officials as well as the orderly operation of the prison, the care, custody, control and welfare of inmates at P.I.C.C.

5. John Doe Texador, defendant herein, is an acting Sergeant of Centralized Services at P.I.C.C. and is legally responsible for providing assistance to, and the care, custody, control and welfare of inmates at P.I.C.C.

6. John Doe Adams, defendant herein, is a Lieutenant at P.I.C.C. whom is legally responsible for overseeing subordinate officers as well as the care, custody, control and welfare of inmates at P.I.C.C.

7. John Doe Night, defendant herein, is a Lieutenant at P.I.C.C. whom is legally responsible for overseeing subordinate officers as well as the care, custody, control and welfare of inmates at P.I.C.C.

8. City of Philadelphia, defendant herein, is the Municipality in which plaintiff's rights were violated. Hereafter, plaintiff shall incorporate all defendants in the caption as: City of Philadelphia P.A., Defendants ET AL.

## IV. PLRA EXHAUSTION OF ADMINISTRATIVE REMEDIES REQUIREMENT
### 42 U.S.C.A. § 1997 e (a)

9. In addition to his repeated verbal pleas for assistance, on August 11, 2006, plaintiff submitted to P.I.C.C. defendant authorities, a three page Formal Inmate Grievance Form, detailing the same complaints as cited herein and received no response.

10. On August 15, 2006, plaintiff submitted to P.I.C.C. defendant authorities, another Formal Inmate Grievance Form, detailing the same complaints as cited herein regarding the flooding and received no response.

11. Having intermediately complained to a P.I.C.C. Sergeant, Lieutenant and Captain, regarding the same complaints as cited herein and having received no response to Formal Inmate Grievances to date, on August 25, 2006, plaintiff submitted to P.I.C.C. defendant authorities another Formal Inmate Grievance Form seeking justification for his mistreatment while therein and again received no response.

12. On September 1, 2006, plaintiff submitted to P.I.C.C. defendant authorities another Formal Inmate Grievance Form, detailing the same complaints as cited herein regarding the numerous abuses being inflicted upon him and in sum, plaintiff received no assistance, relief nor answer to any of his grievances or verbal pleas as afore-cited herein.

13. In addition to the afore-cited grievances, plaintiff filed four (4) separate Formal Inmate Property Claims with the Philadelphia Risk Management Division "Claims Unit" regarding the loss or destruction of his personal property and on May 8, 2007, plaintiff received a response from this department denying payment or redress on plaintiff's loss claims.

14. NOTE: All grievances and loss claims as averred to herein, are retained in copy by plaintiff for use as evidence in future proceedings.

## V. STATEMENT OF CLAIM

15. During the months of August and September 2006, plaintiff was a detainee of P.I.C.C, was housed on the honor block (G-Two) and was enrolled in the Re-entry program, i.e. a model inmate.

16. On the evening of August 7, 2006, plaintiff was awoken from his sleep and informed by his cellmate that a dispute had erupted on the block between African-Americans and Hispanics.

17. The following morning, August 8, 2006, plaintiff's cell was searched then plaintiff and other G-Two block residents were directed by Correction Officer (C.O.) Hopkins, to clean up the cell block. During said block cleaning plaintiff observed defendants Lt. Night, Warden Adams and John Doe Commissioner, enter the cell block and engage C.O. Hopkins in a brief conversation.

18. Soon following said observation, plaintiff was approached and informed by C.O. Hopkins and defendant Lt. Night, that five Puerto Ricans were being transferred from G-Two block to J-Block segregation due to the incident occurring on August 7, 2006 between African-American and Hispanic inmates.

19. Shortly thereafter, plaintiff and all his personal belongings were escorted to J-block segregation at which time plaintiff was permitted to retain a small portion of his personal belongings, but was separated from the majority of said belongings by the escorting officer, defendant sergeant John Doe Texador, who informed plaintiff that he (defendant Texador) would inventory and store the remainder of plaintiff's personal property in the inmate property lockers.

20. From the August 8, 2006 date of plaintiff's transfer to J-block segregation up until his release from P.I.C.C. on September 8, 2006, plaintiff remained continuously segregated on J-block and was caused to endure inhumane treatment throughout that time at the hands of P.I.C.C. defendants and specifically:

   a. For the first two days of his confinement on J-block segregation, plaintiff was not provided toilet tissue or bed sheets.
   b. Absolutely no recreation/exercise time was provided plaintiff for the entire time (31 days) he was housed in J-block segregation.
   c. Contrary to his urgent request for same, plaintiff was denied and refused any contact whatsoever with his criminal defense attorney the entire time on J-block segregation.
   d. Contrary to his repeated requests and protest for same, plaintiff was provided just "two" showers for the entire time he was housed on J-block segregation.
   e. Contrary to his repeated requests and protest for same, plaintiff was not provided a receipt for, nor was he able to retrieve any of his personal belongings, including exceedingly important legal documents relevant to his pending criminal case.

21. On August 14, 2006, at approximately 11:00 p.m. while on J-block segregation, plaintiff was awoken from his sleep by commotion to find that J-block was being flooded with brownish urine/feces infested water which inundated what few personal belongings plaintiff was able to retain upon transfer.

22. J-block supervising C.O. Rowland did not promptly respond to the situation. When he finally did respond, he did not know what to do. After repeatedly paging the shift sergeant, (Sgt. Winsten), the Sgt. arrived and was also ineffective in remedying the crisis.

23. The following morning, August 15, 2006, the putrid floodwater remained yet unattended by P.I.C.C. supervisory defendants and plaintiff and others similarly situated on J-block, were served their breakfast in the urine/feces water inundated cells. When one C.O. Ortiz voiced his concern with defendant C.O. John Doe Bay regarding the potential health hazards present in the cells, defendant responded by stating: "It's only toilet overflow water, they'll be okay."

## VI. CAUSE OF ACTION

24. Plaintiff pleads a cause of action derived from the U.S. Constitution 14th Amendments Due Process Clause against defendants: P.I.C.C., John Doe Commissioner, Warden Joyce Adams, Lieutenant John Doe Night, Lieutenant John Doe Adams and Sergeant John Doe Texador for their unlawful actions in subjecting plaintiff to the atypical and significant hardships of segregation without provision of any disciplinary processes prior to or at any time following plaintiff's transfer to J-block segregation.

25. Plaintiff pleads a cause of action derived from the U.S. Constitutions 8th Amendments prohibition of cruel and unusual punishment against all defendants named herein for their knowledgeable actions and deliberate indifference to plaintiff's physical and emotional health, safety and well-being in their treatment of plaintiff while housed on J-block segregation.

26. Plaintiff pleads a cause of action derived from the U.S. Constitutions 14th Amendments equal protection clause prohibition of racial discrimination against defendants P.I.C.C., John Doe Commissioner, Warden Joyce Adams, Lieutenant John Doe Night, Lieutenant John Doe Adams and Sergeant John Doe Texador as a result of defendants actions in placing plaintiff in segregation, not based upon his identity as a culpable individual in an August 7, 2006 incident on G-Two block, but rather, because he was part of racial class of "possible" suspects who were only identified as being Hispanic.

27. Plaintiff pleads a cause of action derived from the U.S. Constitutions 4th Amendments prohibition of unreasonable search and seizure against defendant's P.I.C.C. Warden Joyce Adams, and Sergeant John Doe Texador for the confiscation, loss or destruction of

plaintiff's personal property having sentimental and material value which includes: family photographs, personal mail and letters, hygiene items, clothing and footwear, exceedingly important legal material, documents and evidence pertinent to plaintiffs pending criminal defense and appeal. None of which, contrary to his repeated requests and grievances, were ever located or returned to plaintiff.

28. Plaintiff pleads a cause of action derived from the U.S. Constitutions 8th and 14th Amendments deliberate indifference and due process clauses against defendant City of Philadelphia under a supervisory liability theory due to defendant's prior knowledge of similar abuses of Constitutional Rights at P.I.C.C. and their failure to correct the abuses.

## VII. RELIEF

29. Plaintiff respectfully requests that this court enter judgment as follows:

   a. Compensatory damages in the amount of Ten Thousand Dollars ($10,000.00) against each defendant, jointly and individually.
   b. Punitive damages in the amount of Ten Thousand Dollars ($10,000.00) against each defendant, jointly and individually.
   c. A jury trial on all issues triable by jury.
   d. Any and all costs associated with litigating this action including any attorney fees.
   e. Any other relief this court deems equitable and appropriate.

Respectfully Submitted,

Date  9-10-07

Jose Vello #EB-8063
Plaintiff Pro Se
SCI-Smithfield
P.O. Box 999, 1120 Pike Street
Huntingdon, PA 16652